## PRESUMPTION AS TO RESCISSION OF CONTRACT FOR SALE OF LAND.

Circuit Court of Harrison County.

WILLIAM S. ROGERS AND BERTHA ROGERS v. WILBER E. SIMPSON.

Decided, November Term, 1908.

*Contract—For Sale of Land—Failure of Performance by Both Parties —Rescission by Mutual Consent Presumed—Right of Vendee to Recover Money Paid.*

Under a contract for the sale of land where a vendor is unable to make a deed at the time stipulated or within a reasonable time thereafter, and the vendee does not waive such default, but neglects to tender performance on his part for an unreasonable time, the rescission of the contract may be presumed by mutual consent, and in such case the vendee may maintain an action to recover the money advanced upon the contract.

*A. O. Barnes* and *J. B. Busby,* for plaintiffs in error.
*Perry & Rowland,* contra.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

The action of defendant in error, plaintiff below, was to recover on two causes of action; one for five hundred dollars damages for breach of contract in the sale of land, and the other to recover back the sum of two hundred dollars paid on the sale at the time of the execution of the contract. There was a general denial to both causes of action, and also a claim of offset by the defendant for fraud claimed in the sale of some personal property. There was a verdict and judgment in favor of defendant in error.

August 1, 1906, William S. Rogers and wife, by contract in writing, sold to Wilber E. Simpson a tract of land for the sum of thirty-one hundred dollars, upon which sale Simpson paid two hundred dollars when the contract was executed. By the terms of the contract Rogers and wife were on the 1st day of April, 1907, to execute to Simpson a quit-claim deed in fee simple for the premises, at which time delivery of possession of the prem-

ises was to be made; and upon the delivery of the deed and possession Simpson was to pay eight hundred dollars and execute notes and mortgage upon the premises for twenty-one hundred dollars, the balance of the purchase money.

On the 1st day of April, 1907, nothing was done by either party respecting the contract, but several days thereafter Simpson demanded of Rogers his deed, but at the time of the demand Simpson made no tender of the eight hundred dollars, or of the notes and mortgage duly executed as required by the contract, and in fact the evidence shows that at the time of the demand he did not have eight hundred dollars or the notes and mortgage. Simpson made several subsequent demands of Rogers for the deed, but at no time upon making the demand does the evidence show that he had the eight hundred dollars or the notes and mortgage duly executed, or that he informed Rogers that he had the money and the notes and mortgage ready to be delivered, but as a matter of fact he did not have the eight hundred dollars and the notes and mortgage duly executed at the time he made such demands for the deed, or any of them.

Under the undisputed evidence therefore Simpson could make no claim for damages for breach of contract, and his case must necessarily fail upon that cause of action. This is distinctly held in the case of *Rondabaugh* v. *Hart*, 61 O. S., 73.

The next question that is made is: Could Simpson recover back the two hundred dollars paid upon the contract set up in his other cause of action?

The agreement of Rogers and wife was that they were to convey the land by a quit-claim deed in fee simple on the first day of April, 1907, when possession was to be delivered. On the first day of April, 1907, Rogers and wife did not have a complete title for the land; they only had title for the undivided one-third part of the land. They were aware of the defect in their title and endeavored to perfect it by obtaining quit-claim deeds from the owners of the other interest, but up to the time of the trial of the case they did not have a complete title. This amounted to a rescission of the contract upon their part. Demand had been made upon them under the contract for a deed

in accordance with the contract; this they refused for the reason they could not execute such deed and as Simpson was also not in position to perform the terms of the contract on his part, he is presumed to consent to the rescission. Such consent, however, did not deprive him of the right to be placed in the same position as before the contract was made. He should not be a loser by the mutual rescission of the contract.

In the case of *Money* v. *Kirk & Cheever*, 19 O. S., 379 it is held:

"The delinquency of the vendee in failure to tender payment for a week after the contract was made, gave rise to the conclusive presumption as against him, of his assent to a rescission of the contract, and authorized the vendor to act on that presumption."

In the case of *Lewis* v. *White*, 16 O. S., 444, it is held:

"Generally, in contracts of this kind, the parties being free by mutual consent to enter into them, they are, by like mutual consent, free to rescind them; and where the vendor by reason of an outstanding incumbrance, is unable, for more than two weeks after the time fixed by the contract, to convey the 'perfect title' which he was bound to furnish; and the vendee then demands from the vendor such conveyance, and offer to perform the stipulations of the contract on his part; and then, on the failure of the vendor to comply with such demand, notifies him that he rescinds the contract, and thereafter treats the same as rescinded, and the vendor remains delinquent for an unreasonable time thereafter, his consent to a rescission of the contract is conclusively presumed from his delinquency."

On page 454 in the opinion it is said:

"Now, these parties were free, by mutual consent, to enter into this contract; and they were as free, by like mutual consent, to rescind it. On the 8th of May, and from thence forward, the vendee actually and in terms consented to its rescission; and the vendor, by a delinquency on his part unwaived by the vendee, and unreasonable in itself, is conclusively presumed to have given like consent and such is the doctrine of the books. Parsons on Contracts, 677, *et seq.*, says:

" 'Generally, as a contract can be made only by the consent of all the contracting parties, it can be rescinded only by the con-

sent of all. But this consent need not be expressed as an agreement. If either party, without right, claims to rescind the contract, the other party need not object, and if he permit it to be rescinded, it will be done by mutual consent. Nor need this purpose of rescinding be expressly declared by the one party, in order to give the other the right of consenting and so rescinding. There may be many acts from which the opposite party has a right to infer that the party doing them would rescind; and generally where one fails to perform his part of the contract, or disables himself from performing it, the other party may treat the contract as rescinded.'  *  *  *

"And we can see no reason why, on the facts assumed, the vendee has not a right, under his cross-petition, to recover back the money paid in hand by him on the making of the contract of sale."

We are therefore of opinion that the cause of action of plaintiff's petition wherein he sought to recover back the amount he had paid on the contract is well founded and as he recovered no greater sum than he was clearly entitled to, the judgment must be affirmed.